# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GURBACHAN SINGH,
a/k/a Bachan Singh Sandhu,

    Defendant.

Case No. 1:18-cv-05156

Honorable John J. Tharp, Jr.

## JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT OF REVOKING NATURALIZATION

The United States of America ("United States") and Gurbachan Singh a/k/a Bachan Singh Sandhu ("Defendant"), jointly move this Court to enter the attached proposed Consent Judgment Revoking Naturalization. This motion is supported by Defendant's admission to, and and acknowledgment of the truth of, the specific facts identified below and contained in Counts I through V of the Complaint. *See* Compl., Dkt. No. 1.

## FACTUAL BACKGROUND

Defendant admits that in 1993, using the name Bachan Singh Sandhu, he attempted to unlawfully purchase an employment authorization card from undercover agents of the former Immigration and Naturalization Service ("INS") posing as corrupt officers. Defendant was arrested, but subsequently released on the conditions, *inter alia*, that he present himself in immigration court when required to do so, and not move his place of residence outside of the Chicago District of INS without providing notice to INS at least 48 hours in advance. In February 1996, Defendant failed to appear in immigration court and was ordered deported *in absentia.*

In 1995, prior to his deportation order, and in violation of the terms of his release from custody, Defendant, then using the name Gurbachan Singh, filed an asylum application that listed his place of residence as Woodland, California. In his sworn asylum application and while under oath at his asylum interview, Defendant provided personal details concerning his identity and the basis for his claim to asylum that were materially inconsistent with the identity he had previously used as Bachan Singh Sandhu. Defendant's asylum application was approved. He subsequently repeated the foregoing inconsistencies on his naturalization application and while under oath at his naturalization interview. Fingerprint analysis confirms, and Defendant admits, that both identities belong to him.

Accordingly, Defendant admits that prior to his admission as a permanent resident, he had sought to procure an immigration benefit by fraudulently or willfully misrepresenting material facts. Defendant further admits that he provided false testimony during the period preceding naturalization when he was statutorily required to demonstrate good moral character. Defendant further admits that he committed unlawful acts adversely reflecting on his moral character that constitute the essential elements of false swearing in an immigration matter, 8 U.S.C. § 1546(a); false official statements, 18 U.S.C. § 1001; and perjury, 28 U.S.C. § 1621. Defendant further admits that he was ineligible for both asylum and adjustment of status because he was subject to a final order of deportation both at the time he was granted asylum and at the time he was accorded permanent resident status.

## STATUTORY BACKGROUND

The Immigration and Nationality Act provides for the revocation of an individual's naturalized U.S. citizenship for either of two independent grounds: (1) if the naturalization was

illegally procured; or (2) if the naturalization was procured by concealment of a material fact or by willful misrepresentation. 8 U.S.C. § 1451(a). "Illegal procurement" has occurred where an applicant naturalized despite failing to comply with all congressionally-imposed prerequisites to the acquisition of citizenship. *Fedorenko v. United States*, 449 U.S. 490, 517 (1981). Naturalization was procured by concealment of a material fact or by willful misrepresentation where: (1) the naturalized citizen misrepresented or concealed some fact during the naturalization process; (2) the misrepresentation or concealment was willful; (3) the fact was material; and (4) the naturalized citizen procured citizenship as a result of the misrepresentation or concealment. *Kungys v. United States*, 485 U.S. 759, 767 (1988). Where the government establishes that the defendant's citizenship was procured illegally or by willful misrepresentation of material facts, "district courts lack equitable discretion to refrain from entering a judgment of denaturalization." *Fedorenko*, 449 U.S. at 517.

Based on the agreed facts and law, the first ground exists here.

## ANALYSIS

*First*, the parties agree that Defendant illegally procured his citizenship because he lacked the required good moral character to be eligible to naturalize, as alleged in Count I. ECF No. 1 ¶¶ 66-75; *see* 8 U.S.C. § 1427(a)(3). To be eligible for naturalization an applicant must show that he has been a person of good moral character for the five-year statutory period before he files his Form N-400, through the time he becomes a naturalized United States citizen. 8 U.S.C. § 1427(a)(3); 8 C.F.R. § 316.10(a)(1). Defendant filed his Form N-400 on June 23, 2008. Thus, he was required to establish good moral character from June 24, 2003, the date five years prior to the date on which he filed his Form N-400, until he took the Oath of Allegiance on October 9, 2008 (the "statutory period").

3

Defendant admits that he provided false testimony for the purpose of obtaining an immigration benefit on September 24, 2008, when he was interviewed under oath in connection with his Form N-400, during the period in which he was required to demonstrate good moral character. Specifically, while under oath, Defendant testified that: he had never been arrested; he had never given false or misleading information to any U.S. government official while applying for any immigration benefit, or to prevent deportation, exclusion, or removal; he had never lied to any U.S. government official to gain entry or admission into the United States; and he had never been ordered to be removed, excluded, or deported from the United States.

Defendant's testimony was false, because, as described in paragraphs 8 through 53 of the Complaint, Defendant had been arrested in connection with his foiled attempt to purchase a fraudulent green card; Defendant gave false or misleading information to U.S. immigration officers concerning his identity on multiple occasions and while seeking multiple immigration benefits; Defendant lied about his identity to procure entry or admission into the United States; and Defendant had been ordered excluded under a different identity. Defendant knew his testimony to be false, and he provided false testimony for the purpose of obtaining an immigration benefit, namely, naturalization. Defendant concedes that his naturalization was illegally procured because he lacked the required good moral character, *see* 8 U.S.C. § 1101(f)(6), and that this Court should enter an order of denaturalization pursuant to 8 U.S.C. § 1451(a).

*Second*, the parties agree that Defendant illegally procured his citizenship because he was not eligible for naturalization because he had not been lawfully admitted for permanent residence, as alleged in Count II. ECF No. 1 ¶¶ 76-84; *see* 8 U.S.C. § 1427(a)(1). Congress has explicitly required that a person be "lawfully admitted" for permanent residence prior to

naturalization. 8 U.S.C. §§ 1427(a)(1), 1429. The term "lawfully" requires compliance with substantive legal requirements for admission. *Id.* § 1101(a)(20); *see also Estrada-Ramos v. Holder*, 611 F.3d 318, 321 (7th Cir. 2010). An alien is inadmissible if he, by fraud or willfully misrepresenting a material fact, sought to procure, or has procured a visa, other documentation, or admission into the United States or any other immigration benefit. 8 U.S.C. § 1182(a)(6)(C)(i). Because, as outlined above, Defendant willfully misrepresented a material fact for the purpose of obtaining an immigration benefit — adjustment of status to that of a lawful permanent resident — he was inadmissible at the time he adjusted to permanent resident status. *See id.* Because he was ineligible for adjustment, he was not "lawfully admitted" for permanent residence, as is required by statute for naturalization. *Id.* §§ 1427(a)(1), 1429. Defendant concedes that his naturalization was illegally procured because he was not lawfully admitted for permanent residence, and that this Court should enter an order of denaturalization pursuant to 8 U.S.C. § 1451(a).

*Third*, the parties agree Defendant illegally procured his citizenship because he was not eligible for naturalization because during the period during which he was required to demonstrate good moral character noted above, Defendant committed unlawful acts which adversely reflect on his moral character, and there were no extenuating circumstances. *See* 8 U.S.C. § 1101(f); 8 C.F.R. § 316.10(b)(3)(iii). As described in paragraphs 8 through 53 of the Complaint, Defendant committed acts during the statutory period that constitute the essential elements of false swearing in an immigration matter, in violation of 8 U.S.C. § 1546(a); making false statements, in violation of 18 U.S.C. § 1001; and perjury, in violation of 18 U.S.C. § 1621. Defendant admits that this conduct adversely reflects on his moral character, there are no extenuating circumstances, and he therefore was ineligible to naturalize. Defendant concedes

that his naturalization was illegally procured because he lacked the required good moral character, 8 U.S.C. § 1101(f); 8 C.F.R. § 316.10(b)(3)(iii), and that this Court should enter an order of denaturalization pursuant to 8 U.S.C. § 1451(a).

*Fourth*, the parties agree that Defendant illegally procured his citizenship because he was not eligible for naturalization because he had not been lawfully admitted for permanent residence, as alleged in Counts IV and V. ECF No. 1 ¶¶ 92-109; *see* 8 U.S.C. § 1427(a)(1). As noted above, to qualify for naturalization, an applicant must have been lawfully admitted to the United States for permanent residence. *See* 8 U.S.C. §§ 1427(a)(1), 1429. The term "lawfully" requires compliance with the substantive legal requirements for admission, and not mere procedural regularity. *See Estrada-Ramos*, 611 F.3d at 321; *see also* 8 U.S.C. § 1101(a)(20). Under the regulations in force at the relevant times, immigration courts had exclusive jurisdiction to grant asylum to aliens in deportation or removal proceedings, including applicants with a final order of deportation or removal. 8 C.F.R. § 208.4. Immigration courts also had exclusive jurisdiction (with exceptions for certain arriving aliens not relevant here) to grant adjustment of status to aliens in deportation or removal proceedings, including applicants with a final order of deportation or removal. 8 C.F.R. § 245.2(a)(1).

As alleged in paragraphs 8 through 21 of the Complaint, Defendant, under the name Bachan Singh Sandhu, was placed in deportation proceedings on September 21, 1994, and was ordered deported on February 15, 1994. Because the former INS granted Defendant's asylum application on October 27, 1995, after Defendant had both been placed in deportation proceedings and ordered deported, that grant was not in compliance with the substantive legal requirements. Only an immigration judge was authorized to approve Defendant's application for asylum at the time it was granted. Similarly, because the former INS adjusted Defendant's status

6

on April 5, 2002, after Defendant both had been placed in deportation proceedings and had been ordered deported, that grant was not in compliance with the substantive legal requirements. Only an immigration judge was authorized to approve Defendant's application for adjustment of status at the time it was granted.

Because Defendant was not accorded either asylum or adjustment of status in accordance with the governing regulations, he was not "lawfully admitted" for permanent residence, as is required for naturalization by statute. *Id.* §§ 1427(a)(1), 1429. Defendant concedes that his naturalization was illegally procured because he was not lawfully admitted for permanent residence, and that this Court should enter an order of denaturalization pursuant to 8 U.S.C. § 1451(a).

## **CONCLUSION**

In light of the facts above and alleged in Counts I through V of the Complaint, which Defendant admits are true, and having fully discussed the case with his counsel,[1] Defendant agrees with the United States that denaturalization is proper and, to avoid delay, uncertainty, inconvenience, and expense of further litigation, does not wish to further contest denaturalization. Accordingly, the United States and Defendant jointly move this Court for an order providing the relief requested in the attached proposed Consent Judgment Revoking Naturalization. The Parties also jointly request the Court to set a hearing for approximately 21 days from the effective date of the Judgment at which Defendant, appearing in person and with

---

[1] Defendant's counsel, Jeffrey Kriezelman, Esq. and Matthew Kriezelman, Esq., hereby certify that they have fully discussed this Joint Motion for Entry of Consent Judgment Revoking Naturalization and the proposed Consent Judgment Revoking Naturalization with their client, the Defendant, and that Defendant has read, fully understands, and agrees to the terms of this motion and proposed judgment.

7

counsel, must demonstrate that he has complied with the Judgment, unless the United States provides notice that Defendant has fully complied and the Judgment is satisfied.

Respectfully submitted,

_____  Dated: 9-27-18
GURBACHAN SINGH
Defendant

_____  Dated: 9/27/18
JEFFREY KRIEZELMAN, Esq.
MATTHEW KRIEZELMAN, Esq.
Kriezelman, Burton & Assocs.
200 W. Adams St, Ste. 2211
Chicago, IL 60606
Telephone: (312) 332-2550
E-mail: jkriezelman@krilaw.com
E-mail: mkriezelman@krilaw.com

Counsel for Defendant

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

TIMOTHY M. BELSAN
Deputy Chief, National Security &
 Affirmative Litigation Unit

*(signature)* Dated: 9/27/2018

AARON R. PETTY, IL 6293553
Counsel for National Security
National Security &
 Affirmative Litigation Unit
District Court Section
Office of Immigration Litigation
U.S. Department of Justice
219 S. Dearborn St., 5th Floor
Chicago, IL 60604
Telephone: (202) 532-4542
E-mail: Aaron.R.Petty@usdoj.gov

Counsel for Plaintiff

9